

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Geoffrey A. Barrow**
**Nicholas D. Meyers**
Assistant U.S. Attorneys
Geoffery.Barrow@usdoj.gov
Nicholas.Meyers@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus,
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 6, 2026

Scott Leonard
Law Office of Scott Leonard
4511 SE 63rd Street, Ste. F
Portland, OR 97206

> Re:  *United States v. Cristina Manolea*, Case No. 3:25-cr-00467-IM
> Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**:  Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371.

3.  **Penalties**:  The maximum penalty for Count 1 is not more than 5 years' imprisonment, a fine of up to $250,000, a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

4.  **Immigration Consequences:**  Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 2

5.      **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.      **Elements and Factual Basis**:  In order for defendant to be found guilty of Count 1 of the Indictment, Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown to the Grand Jury, but not later than on or about April 2025, and continuing to November 12, 2025, there was an agreement between two or more persons to commit the target offense, here, access device fraud;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

To prove access device fraud in violation of Title 18, United States Code, Section 1029(a)(2), the United States must provide the following elements beyond a reasonable doubt:

First, the defendant knowingly used or trafficked in unauthorized access devices at any time during a one-year period;

Second, by using or trafficking in the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and other states.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.  The following facts are true and undisputed:

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 3


The U.S. Department of Agriculture administers the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS"). SNAP is a federally funded assistance program designed to help low-income individuals and families purchase food. In Oregon, SNAP public assistance benefits are loaded to an account that a qualified recipient accesses by means of an access card, similar to a debit or credit card, called the Oregon Electronic Benefit Transfer ("EBT") Card. All states maintain SNAP programs that operate in a substantially similar manner.

Each EBT card has a unique EBT number that is encoded on the card. The recipient is also given a unique PIN as a security feature. When the EBT card is swiped at a point-of-sale register, the user selects EBT (as opposed to credit or debit), enters the PIN and the funds are electronically debited from the recipient's account and credited to the retailer's account. The EBT card is an access device within the meaning of 18 U.S.C. § 1029(e)(1), in that it is a card containing a series of numbers which can be used to obtain things of value, specifically, eligible food items under the SNAP program.

Beginning on or about April 2025, and continuing through on or about November 2025, defendant knowingly obtained and used stolen EBT account information and PINs from more than 10 individuals, to unlawfully obtain infant formula and other SNAP-eligible items at grocery stores. Between September 5, 2025, and September 9, 2025, defendant personally used stolen EBT benefits no less than 24 times. These transactions totaled $6,402. Defendant's coconspirators subsequently transported the stolen items across state lines, where the goods were resold on the black market. In total, defendant unlawfully obtained or is otherwise responsible for goods valued at more than $26,929.

7.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.    **Guidelines Calculation**: The parties are making no agreement with respect to defendant's Criminal History Category. The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1.

| Guideline Section | Offense Level |
|---|---|
| Base Offense Level – USSG § 2B1.1(a)(1) | 6 |
| Loss of >15,000 – USSG § 2B1.1(b)(1)(C) | +4 |
| Ten or More Victims – USSG § 2B1.1(b)(2)(A)(i) | +2 |
| Unauthorized Access Devices – USSG § 2B1.1(b)(11)(B)(i) | +2 |
| Total | 14 |

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 4

| | |
|---|---|
| Acceptance of Responsibility – USSG § 3E1.1 | -2 |
| **Adjusted Offense Level** | 12 |
| Zero Point Offender (if applicable) – USSG § 4C1.1 | -2 |
| **Final Offense Level** | 10 |

9.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.      **Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

11.      **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.      **Government Sentencing Recommendation**: If defendant agrees to resolve her case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), a

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 5

time-served sentence, to be followed by a three-year term of supervised release and a $100 special assessment.

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.    **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 6

a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets.** Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution.** The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court, which defendant agrees is at least $26,929. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 7


Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18.   **Deadline**:  This plea offer expires if not accepted by April 17, 2025, at 5:00 p.m.

Sincerely,



SCOTT E. BRADFORD
United States Attorney

*/s/ Geoffrey A. Barrow*
GEOFFREY A. BARROW
NICHOLAS D. MEYERS
Assistant United States Attorneys

Revised Dec. 2024

Scott Leonard
Re: Cristina Manolea Plea Agreement Letter
Page 8


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


4.15.2026

Date                                                    Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/15/26

Date                                                    Attorney for Defendant


I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

4/15/2026

Date                                                    Interpreter

Revised Dec. 2024