SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**GEOFFREY A. BARROW, DC #462662**
Geoffrey.Barrow@usdoj.gov
**NICHOLAS D. MEYERS, OSB #222743**
Nicholas.Meyers@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00467-IM-10** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CRISTINA MANOLEA,** | |
| **Defendant.** | |

Defendant Cristina Manolea participated in an Electronic Benefit Transfer (EBT) fraud scheme that targeted public assistance benefits intended to help low-income individuals and families purchase food. Using stolen EBT account information and personal identification numbers (PINs), defendant and her coconspirators purchased infant formula and other Supplemental Nutrition Assistance Program (SNAP)-eligible items from grocery stores, which the conspiracy resold on the black market. Defendant's conduct was serious, and it harmed vulnerable benefit recipients. But defendant has no known criminal history, accepted

**Government's Sentencing Memorandum** **Page 1**

responsibility, has already served approximately six months in custody, and is expected to be removed from the United States following sentencing.

For all the reasons set forth herein, the government recommends a sentence of time served followed by a three-year period of supervised release and a $100 special assessment. The government also seeks restitution in the amount of at least $26,929.

## I.      Factual Background

### A.  The Offense Conduct

The Presentence Investigation Report (PSR) accurately summarizes the offense conduct in paragraphs 17 through 25, which are incorporated herein by reference.

SNAP is a federally funded program administered by the United States Department of Agriculture, under the Food and Nutrition Service, that provides nutrition benefits to low-income individuals and families. PSR ¶ 17. Individuals who qualify for SNAP benefits are issued EBT cards, also called Oregon Trail Cards, which they may use at retail stores to purchase eligible food items. *Id*.

Each EBT card has a magnetic strip containing basic information necessary to make purchases. PSR ¶ 18. At an authorized vendor, the cardholder swipes the card and enters a PIN into a point-of-sale terminal; funds are then electronically debited from the recipient's EBT card account and credited to the retailer's account. *Id*.

Beginning on or about April 2025, and continuing through on or about November 2025, defendant participated in a scheme to obtain and use stolen EBT account information and PINs at grocery stores. PSR ¶ 19. Members of the conspiracy installed skimming devices on point-of-sale terminals, captured EBT information, reencoded stolen information onto blank cards, and

**Government's Sentencing Memorandum**                                    **Page 2**

used those cards to purchase infant formula, energy drinks, and other SNAP-eligible items that were transported across state lines and resold on the black market. *Id*.

Between September 5, 2025, and September 9, 2025, defendant personally used stolen EBT benefits belonging to ten or more individuals to conduct transactions totaling $6,402 at retail stores in Oregon. PSR ¶ 20.

Investigators determined that defendant was living in Sacramento, California, with three co-conspirators: her husband, Aramis Manolea, and two coconspirators, one of whom was responsible for installing skimming devices and sharing stolen EBT numbers with the household. PSR ¶ 21. Defendant and her coconspirators used those stolen EBT numbers to purchase goods, which were later transported across state lines and resold. *Id*. In total, defendant unlawfully obtained or was otherwise responsible for stolen goods valued at more than $26,929. PSR ¶ 22.

### B. The Charges

On April 29, 2026, defendant pleaded guilty to Count 1 of the Indictment, which charged her with Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371. PSR ¶ 1. Count 1 alleged a conspiracy to commit access-device fraud, in violation of 18 U.S.C. § 1029(a)(2), and possession, production, and trafficking of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). *Id*. At sentencing, the government anticipates moving to dismiss Count 11 as to defendant. PSR ¶ 2. The Indictment includes forfeiture allegations, but a Preliminary and Final Order of Forfeiture has not been filed. PSR ¶ 3.

### II.    Plea Agreement and Guidelines Computations

Defendant pleaded guilty pursuant to a written Rule 11(c)(1)(B) plea agreement. PSR ¶ 5. Under the plea agreement, if defendant resolved her case and demonstrated acceptance of

**Government's Sentencing Memorandum**                                              **Page 3**

responsibility, the government would recommend a time-served sentence, followed by a three-year term of supervised release and a $100 special assessment. PSR ¶ 12.

The sentencing guidelines are accurately set forth in paragraphs 28 through 39 of the PSR. The PSR calculates a total offense level of 10 after the agreed loss enhancement, victim enhancement, access-device enhancement, zero-point-offender adjustment, and acceptance-of-responsibility reduction. PSR ¶¶ 28-39. Defendant has no criminal history points and is in criminal history category I. PSR ¶¶ 41-43. The resulting advisory guideline range is 6 to 12 months. PSR ¶¶ 39, 43, 72.

### III.    Argument

#### A.  Government's Recommended Sentence

Pursuant to the plea agreement and applicable advisory sentencing guidelines, the government recommends a sentence of time served followed by a three-year period of supervised release. PSR ¶ 12. On the anticipated sentencing date, defendant will have spent approximately 6 months and 4 days in pretrial detention, which is the equivalent of a low-end guideline sentence. PSR ¶ 92. A time-served sentence is sufficient, but not greater than necessary, to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a). The offense was serious, but defendant accepted responsibility, has no criminal history, and has already served the equivalent of a low-end guideline sentence. PSR ¶¶ 27, 41-43, 92.

#### B.  Restitution and Forfeiture

Pursuant to 18 U.S.C. § 3663A, the government seeks an order of restitution in the amount of at least $26,929. Defendant agreed that the Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court, and she agreed that the loss amount is at least $26,929. PSR ¶ 14.

**Government's Sentencing Memorandum**                                        **Page 4**

## IV.    Conclusion

For the above reasons, the government respectfully recommends the Court impose a sentence of time served followed by a three-year period of supervised release, a $100 special assessment, and restitution in the amount of at least $26,929.

Dated: May 20, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Geoffrey A. Barrow*
GEOFFREY A. BARROW, DC #462662
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorneys